EAST CAROLINA UNIVERSITY,

                 Plaintiff,

vs.

ROY P. HOPKINS, JR., an individual d/b/a
HEALTHY PIRATES and
HEALTHYPIRATES.COM,

                 Defendant.

Civil Action No. 5:11-cv-183

**COMPLAINT AND JURY DEMAND**

Plaintiff East Carolina University (hereinafter, "Plaintiff"), by and for its complaint against Defendant Roy P. Hopkins, Jr., d/b/a Healthy Pirates and HealthyPirates.com ("Defendant"), alleges as follows:

## THE PARTIES

1.      Plaintiff is a constituent institution of the University of North Carolina and an educational institution chartered under the laws of the State of North Carolina having a principal office at East Fifth Street, Greenville, North Carolina 27858.

2.      Upon information and belief, Defendant Roy P. Hopkins, Jr., is an individual having a mailing address of 620 Shadow Ridge Drive, Winterville, NC 28590, and a business address of 1750 Wimbledon Drive, Greenville, NC 27858. Defendant presently is doing business as, *inter alia*, Healthy Pirates and HealthyPirates.com.

## JURISDICTION AND VENUE

3.      This is an action for (i) trademark infringement, false designation of origin, trademark dilution, and cyberpiracy under the Trademark Act of 1946, also known as the

Lanham Act, codified at 15 U.S.C. § 1051 *et seq.*; (ii) common law trademark infringement, unfair competition, passing off, and misappropriation; and (iii) deceptive and unfair trade practices pursuant to N.C. Gen. Stat. § 75-1.1 *et seq.*, relating to the unlawful appropriation of Plaintiff's registered and common law trademarks by Defendant in print and electronic publications.

4.      This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant is a resident of the Eastern District of North Carolina, and has, *inter alia*, maintained a place of business in the area of Greenville, North Carolina, and purposefully availed himself of the benefits and protections of North Carolina law by regularly conducting business in this State and District.

## PLAINTIFF AND PLAINTIFF'S VALUABLE TRADEMARKS

6.      Plaintiff owns U.S. Trademark Registration No. 2,845,055, which comprises a stylized pirate skull logo, and which is registered in connection with, *inter alia*, International Class 016 (paper goods and printed matter), including "[a]nnual yearbooks, notebooks, looseleaf binders, writing paper and envelopes, desk pads, notepad holders, letter openers, pencil cups, plastic containers for paper clips, appointment books, address books, calendars, protective binders for diplomas, pens, pen and pencil sets, book ends, lap board for holding books and paper, decals, postcards, bumper stickers, and paper napkins." The application was filed on January 30, 2003, based on use in commerce as of April 11, 2003. The registration issued on May 25, 2004, and became incontestable with the filing of a Section 15 declaration on February

8, 2010. Attached as Exhibit 2 is a true and correct copy of U.S. Trademark Registration 2,845,055, which is in full force and effect.

7. An image of the mark that is the subject of U.S. Trademark Registration 2,845,055 is depicted below:



8. Plaintiff owns U.S. Trademark Registration No. 3,377,496, which comprises a stylized pirate skull and crossbones on a flag, and which is registered in connection with, *inter alia*, International Class 016 (paper goods and printed matter), including "[a]nnual yearbooks, notebooks, looseleaf binders, writing paper and envelopes, desk pads, notepad holders, letter openers, pencil cups, plastic containers for paper clips, appointment books, address books, calendars, protective binders for diplomas, pens, pen and pencil sets, book ends, lap board for holding books and paper, decals, postcards, bumper stickers, and paper napkins." The application was filed on April 16, 2007, based on use in commerce as of December 31, 2004, and a registration issued on February 5, 2008. Attached as Exhibit 3 is a true and correct copy of U.S. Trademark Registration 3,377,496, which is in full force and effect.

9. An image of the mark that is the subject of U.S. Trademark Registration 3,377,496 is depicted below.



10. Plaintiff owns U.S. Trademark Registration No. 2,327,675, which consists of the letters "ECU", in script, underlined by a saber, with the letters "ECU" and the saber handle in purple and the saber blade and the area surrounding the letters in yellow. This mark is registered in connection with, *inter alia*, International Class 041 (education and entertainment), including "[e]ducational services, namely, providing courses of instruction at college graduate and post-graduate levels, public lectures, and workshops, seminars and conferences; entertainment services, namely, providing sport events in the nature of men's football, baseball, golf, basketball, soccer, swimming, tennis, cross country and track games, matches or meets, and in the nature of women's softball, volleyball, soccer, swimming, tennis, cross country and track games, matches or meets." The application was filed on November 25, 1997, based on use in commerce as of January 8, 1998. The registration issued on March 14, 2000, and became incontestable with the filing of a Section 15 declaration on June 21, 2005. Attached as Exhibit 4 is a true and correct copy of U.S. Trademark Registration 2,327,675, which is in full force and effect.

11. An image of the mark that is the subject of U.S. Trademark Registration 2,327,675 is depicted below.



12. Plaintiff owns U.S. Trademark Registration No. 2,275,513, which includes the words "EAST CAROLINA UNIVERSITY PIRATES" lined for the colors purple and yellow. This mark is registered in connection with, *inter alia*, International Class 016 (paper goods and printed matter), including "[a]nnual yearbooks, notebooks, looseleaf binders, writing paper and

envelopes, desk pads, notepad holders, letter openers, pencil cups, plastic containers for paper clips, appointment books, address books, calendars, protective binders for diplomas, pens, pen and pencil sets, book ends, lap board for holding books and paper, decals, postcards, bumper stickers, and paper napkins," and International Class 041 (education and entertainment), including "Educational services, namely, providing courses of instruction at college graduate and post-graduate levels, public lectures, and workshops, seminars and conferences; entertainment services, namely, providing sport events in the nature of men's football, baseball, golf, basketball, soccer, swimming, tennis, cross country and track games, matches or meets, and in the nature of women's softball, volleyball, soccer, swimming, tennis, cross country and track games, matches or meets." The application was filed on November 25, 1997, based on use in commerce as of January 8, 1998. The registration issued on September 7, 1999, and became incontestable with the filing of a Section 15 declaration on June 21, 2005. Attached as Exhibit 5 is a true and correct copy of U.S. Trademark Registration 2,275,513, which is in full force and effect.

13. An image of the mark that is the subject of U.S. Trademark Registration 2,275,513 is depicted below.



14. Plaintiff owns U.S. Trademark Registration No. 2,275,514, which includes the words "EAST CAROLINA UNIVERSITY PIRATES" lined for the colors purple and yellow. This mark is registered in connection with, *inter alia*, International Class 041 (education and

entertainment), including "[e]ducational services, namely, providing courses of instruction at college graduate and post-graduate levels, public lectures, and workshops, seminars and conferences; entertainment services, namely, providing sport events in the nature of men's football, baseball, golf, basketball, soccer, swimming, tennis, cross country and track games, matches or meets, and in the nature of women's softball, volleyball, soccer, swimming, tennis, cross country and track games, matches or meets." The application was filed on November 25, 1997, based on use in commerce as of January 8, 1998. The registration issued on September 7, 1999, and became incontestable with the filing of a Section 15 declaration on January 6, 2006. Attached as Exhibit 6 is a true and correct copy of U.S. Trademark Registration 2,275,514, which is in full force and effect.

15. An image of the mark that is the subject of U.S. Trademark Registration 2,275,514 is depicted below.



16. The marks enumerated above are collectively referred to as "Plaintiff's Registered Marks."

17. The certificates of registration for Plaintiff's Registered Marks are valid and subsisting, and are *prima facie* evidence of the validity of Plaintiff's Registered Marks, Plaintiff's ownership of Plaintiff's Registered Marks, and Plaintiff's exclusive right to use Plaintiff's Registered Marks in connection with the goods and services specified in the certificates of registration enumerated above.

6

18.     Plaintiff also has common law trademark rights in the distinctive use of its purple and gold school colors, in the appearance of its website at http://www.ecu.edu, and in the phrases "Pirates" and "Healthy Pirates" (collectively, the "Common Law Marks").

19.     Plaintiff has utilized a purple and gold color scheme since at least as early as 1909, and has historically used the colors purple and gold in connection with Plaintiff's Registered Marks and Plaintiff's Common Law Marks.

20.     Plaintiff's athletic teams have been associated with a pirate mascot since at least as early as 1934.  Plaintiff has also historically used the term "Pirates" in conjunction with other indicia of Plaintiff to refer to and describe various individuals, teams, and organizations affiliated with Plaintiff.  Furthermore, the "Healthy Pirates" name has been used continuously by a student peer health education organization approved by and associated with Plaintiff since at least as early as 2001.  Attached as Exhibit 7 is a web page illustrating Plaintiff's current use of the Common Law Marks.

21.     Plaintiff's Registered Marks and Common Law Marks (collectively referred to herein as "Plaintiff's Marks") are widely recognized indicators of source for Plaintiff, and have become exceptionally well known in this District and elsewhere as signifying goods and services emanating from and authorized by Plaintiff.  Plaintiff has built substantial good will in Plaintiff's Marks, and considers said good will to be an extremely valuable asset.

22.     Plaintiff approves and maintains quality control over all of the products that it licenses and the services it provides and the goods and services bearing its marks, and makes systematic efforts to safeguard the quality and integrity of Plaintiff's Marks.  Consequently, the public assumes that Plaintiff has approved, licensed, sponsored, or endorsed all products and services bearing Plaintiff's Marks.

23.     Plaintiff has not granted a license or any other form of permission to Defendant to use Plaintiff's Marks.

## DEFENDANT'S WRONGFUL ACTS

24.     Upon information and belief, with full knowledge of Plaintiff's prior rights in Plaintiff's Marks, Defendant has attempted to capitalize on and unlawfully profit from Plaintiff's good will by providing goods and services related to those associated with Plaintiff's Marks, and by doing so in conjunction with word marks, logos, and color schemes intended to cause confusion or to deceive as to Defendant's affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's commercial activities by Plaintiff.

25.     Upon information and belief, Defendant registered the "healthypirates.com" domain name in May 2009. A copy of the "Whois" record indicating Defendant as owner of the domain name is attached as Exhibit 8. Defendant's website located at http://www.healthypirates.com became viewable online sometime during the summer of 2009.

26.     Each web page on Defendant's website includes one of two similar title images that span the top of the web page. *See* Exhibits 9 and 10. The first title image consists of a purple- and gold-striped flag, over which appears a piece of parchment with a pirate skull and crossbones logo and the words "HealthyPirates.com" and "Eastern Carolina's Guide to Health & Nutrition." The skull is facing forward and angled slightly to the viewer's right, and is wearing a gold earring and purple pirate hat with a skull and crossbones design. The crossbones appear to be stylized hexagonal dumbbells, of the type used for weightlifting. This first title image is shown below:



The second title image used on Defendant's website is very similar, with the only differences being that the flag is purple- and yellow-striped, and the crossbones appear to be bones rather than dumbbells. This second title image is shown below:



27.     The web pages provided by Defendant's website make extensive use of a color scheme including a purple background and yellow text or highlighting, as well as repeated use of a stylized pirate skull and crossbones logo.  For example, Defendant's website includes the following images at the top and bottom, respectively, of each web page:



28.     In conjunction with the logos and color schemes described above, the web pages provided by Defendant's website prominently feature the title "HealthyPirates.com" and include repeated references to "Healthy Pirates."  *See* Exhibits 11 and 14.  The website also includes a web page providing a hyperlink labeled "ECU Pirates," which links to Plaintiff's official athletics website at http://www.ecupirates.com.  *See* Exhibit 12.

29.    Below is an image of the current home page of Defendant's website at left, as compared to an exemplary sample of Plaintiff's use of its marks at right.

 

30.    Defendant's stylized pirate skull and crossbones logos, as well as Defendant's trade names "Healthy Pirates" and "HealthyPirates.com" used in conjunction with Defendant's logos and/or purple-and-yellow color schemes, are collectively referred to as the "Infringing Marks."

31.    Upon information and belief, in approximately the same time period in which the Defendant's website became viewable online, Defendant began publishing and distributing issues of a print publication also called "HealthyPirates.com."  A scan of a sample publication is attached as Exhibit 13.

32.    The issues of the publication examined by Plaintiff include references to "HealthyPirates.com" and "Healthy Pirates" in conjunction with a logo and color scheme substantially similar to the logos and color schemes on Defendant's website.

33.    Defendant's website states that the purpose of the publication is "to educate the community with the latest research and accurate measures in various areas of fitness, nutrition

and health." *See* Exhibit 14. Both Defendant's website and Defendant's printed publication provide articles and advertisements related generally to fitness, nutrition, and health, and services related to the same.

34. According to Defendant's website, the printed publication is distributed via newspaper distribution boxes that are purple in color, and that bear Defendant's stylized pirate skull and crossbones logo and the phrase "HealthyPirates.com." *See* Exhibit 15.

35. Defendant has also produced and distributed via internet videos in which Defendant promotes the HealthyPirates.com website and printed publication in conjunction with indicia of Plaintiff. For instance, in a video uploaded to the video sharing site YouTube, accessible at http://www.youtube.com/watch?v=ikw-YZFRXxU, and titled "2plus7 Healthy Pirates ECU," Defendant wears a t-shirt bearing the words "EAST CAROLINA" in purple and yellow while describing and promoting the HealthyPirates.com website and printed publication. *See* Exhibit 16.

36. Defendant produced another video uploaded to YouTube titled "BOOTCAMP TRAINING LOW AS $10 A HR...WWW.PROFITNESSTODAY.COM...," which was apparently filmed on the grounds of Plaintiff's football stadium without Plaintiff's permission, and in which Defendant promotes the HealthyPirates.com website and printed publication. *See* Exhibit 17.

37. The pirate skull and crossbones logos appearing in the title images on Defendant's website and on Defendant's printed publication are confusingly similar to the pirate skull in Plaintiff's U.S. Trademark Registration No. 2,845,055 and the pirate skull and crossbones in Plaintiff's U.S. Trademark Registration No. 2,327,675.

38.     On information and belief, Defendant chose the stylized pirate skull and crossbones logos deliberately to confuse consumers about the source of his products and to unfairly trade on Plaintiff's reputation and good will, and on the fame of Plaintiff's Marks.

39.     Defendant's "healthypirates.com" domain name and Defendant's use of the phrases "HealthyPirates.com" and "Healthy Pirates" on Defendant's website and in Defendant's printed publication and videos are confusingly similar to Plaintiff's Registered Marks incorporating the phrase "Pirates" in conjunction with other indicia of Plaintiff, and further are confusingly similar to Plaintiff's "Healthy Pirates" common law mark used in conjunction with other indicia of Plaintiff.

40.     On information and belief, Defendant chose the "healthypirates.com" domain name and uses the phrases "HealthyPirates.com" and "Healthy Pirates" deliberately to confuse consumers about the source of his products and to unfairly trade on Plaintiff's reputation and good will, and on the fame of Plaintiff's Marks.

41.     The color schemes used by Defendant in conjunction with Defendant's pirate skull and crossbones logos and the phrases "HealthyPirates.com" and "Healthy Pirates" is confusingly similar to Plaintiff's use of its purple and yellow color scheme in conjunction with other indicia of Plaintiff in, *e.g.*, Plaintiff's U.S. Trademark Registration Nos. 2,327,675, 2,275,513, and 2,275,514, and to Plaintiff's long-established and continual use of a purple and yellow color scheme in conjunction with other indicia of Plaintiff.

42.     On information and belief, Defendant chose his color schemes deliberately to confuse consumers about the source of his products and to unfairly trade on Plaintiff's reputation and good will, and on the fame of Plaintiff's Marks.

43.     Prior to Defendant's adoption of the Infringing Marks, Defendant had either actual notice and knowledge or constructive notice of Plaintiff's ownership and registration of Plaintiff's Registered Marks.

44.     Because Defendant's conduct has been and continues to be deliberate, willful, and wanton, this is an exceptional case within the meaning of 15 U.S.C. § 1117.  Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to an award of three times the amount of actual damages as compensation, as well as reasonable costs and attorneys' fees.

### FIRST CLAIM FOR RELIEF:

### TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

45.     Plaintiff incorporates by reference the preceding allegations of this complaint.

46.     Defendant's use in commerce of the trade names "Healthy Pirates" and "HealthyPirates.com" and indicia incorporating Defendant's stylized pirate skull and crossbones logos and color schemes is a willful infringement of Plaintiff's Registered Marks, and creates a likelihood of confusion as to Defendant's affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's commercial activities by Plaintiff.

47.     As a direct and proximate consequence of Defendant's actions, Plaintiff has suffered irreparable injury, and will continue to suffer such harm unless Defendant is permanently enjoined from his unlawful conduct.

### SECOND CLAIM FOR RELIEF:

### FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

48.     Plaintiff incorporates by reference the preceding allegations of this complaint.

49.     Defendant's use of the trade names "Healthy Pirates" and "HealthyPirates.com" and indicia incorporating Defendant's stylized pirate skull and crossbones logos and color schemes constitutes false designation of origin and false description and representation of Defendant's goods and services, and is likely to cause confusion, mistake, and deception as to the origin, sponsorship, approval, or association of Defendant's goods, services, and commercial activities in violation of 15 U.S.C. § 1125(a).

50.     Defendant has engaged in this false designation of origin and false description and representation of their goods and services in an effort to willfully, intentionally, and unfairly compete with Plaintiff.

51.     Defendant's actions complained of herein have damaged Plaintiff, and will continue to damage Plaintiff, causing injury to Plaintiff's reputation and goodwill.

### THIRD CLAIM FOR RELIEF:

### TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)

52.     Plaintiff incorporates by reference the preceding allegations of this complaint.

53.     Defendant's use in commerce of the trade names "Healthy Pirates" and "HealthyPirates.com" and indicia incorporating Defendant's stylized pirate skull and crossbones logos and color schemes diminishes the effectiveness of Plaintiff's Marks in distinguishing Plaintiff's goods and services, and has tarnished the reputation of Plaintiff and adversely affected the positive association between Plaintiff's Marks and Plaintiff's goods and services.

54.     Upon information and belief, Defendant has engaged in commerce with the intent of trading off the reputation of Plaintiff and off the goodwill of Plaintiff's Marks.

55. Defendant's continued use in commerce of the trade names "Healthy Pirates" and "HealthyPirates.com" and indicia incorporating Defendant's stylized pirate skull and crossbones logos and color schemes will continue to cause irreparable harm to Plaintiff by damaging the good name, reputation, and goodwill that have been developed by Plaintiff over many years.

56. Plaintiff has no adequate remedy at law. On information and belief, Defendant will continue to use in commerce the trade names "Healthy Pirates" and "HealthyPirates.com," and indicia incorporating Defendant's stylized pirate skull and crossbones logos and color schemes. This continued use tarnishes Plaintiff's reputation and Plaintiff's Marks, unabated. Said use in commerce will cause irreparable damage to the rights of Plaintiff and to Plaintiff's reputation and goodwill, unless and until Defendant is enjoined by this Court.

## FOURTH CLAIM FOR RELIEF:

## CYBERPIRACY UNDER 15 U.S.C. § 1125(d)

57. Plaintiff incorporates by reference the preceding allegations of this complaint.

58. Defendant registered and continues to have registered in his name the domain name "healthypirates.com," which is confusingly similar to Plaintiff's Marks that incorporate the phrase "Pirates" in conjunction with other indicia of Plaintiff, and which conveys a false affiliation with Plaintiff.

59. Upon information and belief, Defendant has a bad faith intent to profit from the use of Plaintiff's Marks in the registering and maintaining of the domain name "healthypirates.com."

60. Defendant lacks reasonable grounds to believe that the use of the "healthypirates.com" domain name is a fair use or is otherwise lawful.

61. Defendant's conduct, as described above, therefore constitutes cyberpiracy in violation of 15 U.S.C. § 1125(d).

62. Plaintiff has no adequate remedy at law. On information and belief, Defendant will continue to use the domain name "healthypirates.com," said use causing irreparable damage to the rights of Plaintiff and to Plaintiff's reputation and goodwill, unless and until Defendant is enjoined by this Court.

## FIFTH CLAIM FOR RELIEF:

## COMMON LAW TRADEMARK INFRINGEMENT

63. Plaintiff incorporates by reference the preceding allegations of this complaint.

64. Defendant is using in commerce the trade names "Healthy Pirates" and "HealthyPirates.com" and indicia incorporating Defendant's stylized pirate skull and crossbones logos and color schemes without authorization from Plaintiff. Such unauthorized use by Defendant constitutes common law trademark infringement.

65. Defendant's unlawful acts violate Plaintiff's common law trademark rights and have damaged and continue to damage Plaintiff's goodwill and business reputation, causing irreparable harm, for which there is no adequate remedy at law. Such unlawful acts and damage will continue to occur unless enjoined by this Court.

## SIXTH CLAIM FOR RELIEF:

## COMMON LAW UNFAIR COMPETITION

66. Plaintiff incorporates by reference the preceding allegations of this complaint.

67. Defendant's use in commerce of the trade names "Healthy Pirates" and "HealthyPirates.com" and indicia incorporating Defendant's stylized pirate skull and crossbones logos and color schemes constitutes the common law tort of unfair competition.

68. On information and belief, the aforesaid unlawful acts by Defendant will continue unabated unless and until enjoined by this Court.

## SEVENTH CLAIM FOR RELIEF:

## COMMON LAW PASSING OFF

69. Plaintiff incorporates by reference the preceding allegations of this complaint.

70. Defendant's use of the trade names "Healthy Pirates" and "HealthyPirates.com" and indicia incorporating Defendant's stylized pirate skull and crossbones logos and color schemes falsely represent that Defendant's goods and services are those of Plaintiff, and, thus, constitutes the common law tort of passing off.

71. On information and belief, the aforesaid unlawful acts by Defendant will continue unabated unless and until enjoined by this Court.

## EIGHTH CLAIM FOR RELIEF:

## COMMON LAW MISAPPROPRIATION

72. Plaintiff incorporates by reference the preceding allegations of this complaint.

73. Defendant's use of the trade names "Healthy Pirates" and "HealthyPirates.com" and indicia incorporating Defendant's stylized pirate skull and crossbones logos and color schemes constitutes the taking and use of Plaintiff's intellectual property for the sole purpose of

capitalizing unfairly on the good will and reputation of Plaintiff, and, thus, constitutes the common law tort of misappropriation.

74. On information and belief, the aforesaid unlawful acts by Defendant will continue unabated unless and until enjoined by this Court.

## NINTH CLAIM FOR RELIEF:

## DECEPTIVE AND UNFAIR TRADE PRACTICES UNDER N.C. GEN. STAT. § 75-1.1

## *ET SEQ.*

75. Plaintiff incorporates by reference the preceding allegations of this complaint.

76. Defendant's use in commerce of the trade names "Healthy Pirates" and "HealthyPirates.com," and indicia incorporating Defendant's stylized pirate skull and crossbones logos and color schemes is an unfair or deceptive act or practice which will cause confusion and/or mistake and/or deceive persons into falsely believing that Defendant's goods and services were sold, licensed, or authorized for sale by Plaintiff and/or otherwise associated with Plaintiff, all to the damage of Plaintiff, which action by Defendant constitutes an unfair trade practice pursuant to N.C. Gen. Stat. § 75-1.1 *et seq.*

77. Defendant's deceptive and unfair trade practices have damaged Plaintiff's goodwill and business reputation, causing irreparable harm, for which there is no adequate remedy at law. Such unlawful acts and damage will continue to occur unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a trial by jury on all issues so triable and judgment in its favor, and against Defendant, for the following:

1. That Defendant be adjudged to have infringed and diluted Plaintiff's Marks;

2. That Defendant's conduct be adjudged to have been and to continue to be deliberate, willful, and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117;

3. That, pursuant to 15 U.S.C. § 1116(a), Defendant, his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly or indirectly infringing Plaintiff's Marks by, among other things, the following:

    a. Marketing, promoting, printing, using, selling, distributing, or otherwise disseminating, either directly or indirectly, any goods, services, or materials of any sort in any medium of communication, or reproducing or causing others to reproduce any products or packaging incorporating any indicia including the term "Pirates" or any variation thereof, any stylized pirate skull and crossbones logo, or any logo or color scheme that are confusingly similar to Plaintiff's logos and color scheme, and from offering for sale or selling products and services incorporating any indicia including the term "Pirates" or any variation thereof, any stylized pirate skull and crossbones logo, or any logo or color scheme that is confusingly similar to Plaintiff's logos and color scheme;

    b. Manufacturing, having manufactured, producing, having produced, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any products or services under or bearing any indicia including the term "Pirates" or any

19

variation thereof, any stylized pirate skull and crossbones logo, or any logo or color scheme that is confusingly similar to Plaintiff's logos and color scheme; and

      c.      Using any false or misleading designations of origin or false or misleading descriptions or representations of fact in connection with the manufacture, production, distribution, circulation, sale, offering for sale, advertising, promotion, or display of its products or services under any indicia including the term "Pirates" or any variation thereof, any stylized pirate skull and crossbones logo, or any logo or color scheme that is confusingly similar to Plaintiff's logos and color scheme;

4.      That Defendant be directed to transfer to Plaintiff all rights, title, and interests to the registration of the "healthypirates.com" domain name and any other domain names registered to Defendant (or their web hosting companies or other agents) that contain, in whole or in part, the term "healthy pirates";

5.      That Defendant be directed to file with this Court and serve on Plaintiff within thirty (30) days after service of the injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

6.      An accounting for damages by virtue of Defendant's infringement of Plaintiff's Marks;

7.      Pursuant to 15 U.S.C. § 1117(a), an award of three times the amount of actual damages to compensate Plaintiff for Defendant's deliberate and willful acts of infringement;

8.      Pursuant to 15 U.S.C. § 1117(a), that Defendant be directed to pay Plaintiff's reasonable costs and attorneys' fees incurred in connection with this lawsuit; and

9.     That Plaintiff have such other and further relief as this Court may deem just and proper.

This 15th day of April, 2011.

By:     /s/  Bruce E. Owens, Jr.
        Lynne A. Borchers (NC Bar No. 32386)
        lborchers@myersbigel.com
        Bruce E. Owens, Jr. (NC Bar No. 35487)
        bowens@myersbigel.com
        MYERS BIGEL SIBLEY & SAJOVEC, P.A.
        Post Office Box 37428
        Raleigh, North Carolina 27627
        Tel. (919) 854-1400
        Fax (919) 854-1401

        Attorneys for Plaintiff