IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| EAST CAROLINA UNIVERSITY, | |
|---|---|
| Plaintiff, | Civil Action No. 4:11-cv-00060-D |
| vs. | **ORDER AND JUDGMENT** |
| ROY P. HOPKINS, JR., an individual d/b/a HEALTHY PIRATES and HEALTHYPIRATES.COM, | |
| Defendant. | |

THIS MATTER came to be heard and was heard by the undersigned upon Plaintiff's Motion for Default Judgment and Prayer for Relief against Defendant Roy P. Hopkins, Jr., an individual d/b/a Healthy Pirates and HealthyPirates.com ("Defendant"). Having reviewed Plaintiff's motion and supporting affidavit, and pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED AND ADJUDGED THAT:

Judgment by default is entered in this matter in Plaintiff's favor, and against Defendant, as alleged in the Complaint:

1. That Defendant has infringed and diluted Plaintiff's U.S. Trademark Registration No. 2,845,055; U.S. Trademark Registration No. 3,377,496; U.S. Trademark Registration No. 2,327,675; U.S. Trademark Registration No. 2,275,513; and U.S. Trademark Registration No. 2,275,514; and Plaintiff's common law trademark rights in the distinctive use of its purple and gold school colors, in the appearance of its website at http://www.ecu.edu, and in the phrases "Pirates" and "Healthy Pirates" (collectively, "Plaintiff's Marks");

2. That Defendant's conduct has been and continues to be deliberate, willful, and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117;

3. That, pursuant to 15 U.S.C. § 1116(a), Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, are preliminarily and permanently restrained and enjoined from directly or indirectly infringing Plaintiff's Marks by, among other things, the following:

 a. Marketing, promoting, printing, using, selling, distributing, or otherwise disseminating, either directly or indirectly, any goods, services, or materials of any sort in any medium of communication, or reproducing or causing others to reproduce any products or packaging incorporating any indicia including the term "Pirates" or any variation thereof, any stylized pirate skull and crossbones logo, or any logo or color scheme that are confusingly similar to Plaintiff's logos and color scheme, and from offering for sale or selling products and services incorporating any indicia including the term "Pirates" or any variation thereof, any stylized pirate skull and crossbones logo, or any logo or color scheme that is confusingly similar to Plaintiff's logos and color scheme;

 b. Manufacturing, having manufactured, producing, having produced, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any products or services under or bearing any indicia including the term "Pirates" or any variation thereof, any stylized pirate skull and crossbones logo, or any logo or color scheme that is confusingly similar to Plaintiff's logos and color scheme; and

 c. Using any false or misleading designations of origin or false or misleading descriptions or representations of fact in connection with the manufacture, production, distribution, circulation, sale, offering for sale, advertising, promotion, or display of its

2

Case 4:11-cv-00060-D   Document 19   Filed 02/16/12   Page 2 of 3

products or services under any indicia including the term "Pirates" or any variation thereof, any stylized pirate skull and crossbones logo, or any logo or color scheme that is confusingly similar to Plaintiff's logos and color scheme;

4. That Defendant be directed to file with this Court and serve on Plaintiff within thirty (30) days after service of the injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

5. That Defendant be directed to transfer to Plaintiff all rights, title, and interests to the registration of the "healthypirates.com" domain name and any other domain names registered to Defendant (or their web hosting companies or other agents) that contain, in whole or in part, the term "healthy pirates";

6. Pursuant to 15 U.S.C. § 1117(a), that Defendant be directed to pay Plaintiff's reasonable costs and attorneys' fees incurred in connection with this lawsuit in the amount of $36,357.03; and

7. That this Court shall retain jurisdiction over this action for the purpose of enforcing the judgment granted.

SO ORDERED. This _15_ day of February 2012.

JAMES C. DEVER III
Chief United States District Judge